UNITED STATES DISTRICT COURT

Northern District of California

LEVI STRAUSS & CO.,

                Plaintiff,                        No. CV12-4203 MEJ

    v.

J BRAND, INC.,                          **AMENDED CASE MANAGEMENT ORDER**

                Defendant.

_____/

       Pursuant to Federal Rule of Civil Procedure ("Rule") 16, the Court issues the following Case Management Order.[1] Failure to comply with this Order is cause for sanctions under Rule 16(f). All questions should be directed to Rose Maher, Courtroom Deputy, at (415) 522-4708.

**A.**    **ADR:** The parties are referred to mediation.

**B.**    **Pretrial Motions:** All pretrial motions shall be filed in accordance with Civil Local Rule 7, and noticed for hearing on any Thursday at 10:00 a.m., without contacting the Court. All dispositive motions shall be filed, served, and noticed by 10/4/2012. Any summary judgment motion shall include a joint statement of undisputed facts pursuant to Civil Local Rule 56-2(b). The Court shall hear dispositive motions on 11/8/2012 at 10:00 a.m. in Courtroom B, located on the 15th Floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California.

**C.**    **Discovery:** The parties shall abide by Magistrate Judge James' Standing Order Regarding Discovery and Dispute Procedures. All discovery, including depositions of expert witnesses, must be completed by 9/4/2012. Pursuant to Rule 16(b) and Civil Local Rule 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date is not enforceable except by order of the Court and upon a showing of good cause. No discovery disputes may be brought to the Court's attention more than 10 days after the discovery cut-off date.

**D.**    **Deadline to Amend Pleadings:** 6/11/2012.

**E.**    **Disclosure of Expert Witnesses:** Any party wishing to present expert witness testimony shall serve on all other parties the expert's name, address, qualifications, resume, and a written report in compliance with Rule 26(a)(2)(B) by 8/10/2012. This disclosure must be made with respect to a person who is either: (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702; or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony. All parties have a continuing duty to supplement the disclosure of expert witnesses when required under Rule 26(e)(1).

**F.**    **Disclosure of Rebuttal Expert Witnesses:** Any expert testimony intended solely to contradict or rebut another party's opinion testimony shall be disclosed in compliance with

---

[1] Any case management conference scheduled prior to this Order is vacated.

Rule 26(a)(2)(B) by 8/20/2012.

**G.** **Limitation on Testimony by Expert Witnesses:** Each party is limited to one expert witness in each discipline involved in the case, except by order of the Court. To ensure that all factual material (including tests and/or reports) upon which expert opinion may be based is timely disclosed, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition, unless the parties enter into a written stipulation otherwise. Any party objecting to the admissibility of expert testimony must file a motion in limine to exclude the testimony by the deadline set forth below.

**H.** **Exchange and Filing of Trial Papers:** By 1/9/2013, lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange the papers described in Rule 26(a)(3). These papers must be filed with the Court by 1/24/2013, as well as a joint pretrial conference statement with the following information:

(A) Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.

(B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.

(E) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the testimony relates, and an estimate of the time required for direct and cross examination of each witness.

(H) Exhibit list: A list of all exhibits to be offered at trial. The list shall state each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial.

(I) No party shall be permitted to offer any witness or exhibit that is not disclosed in its witness or exhibit list, except with leave of the Court for good cause shown.

(J) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.

(K) Settlement: A statement summarizing the status of the parties' settlement negotiations.

**I.      Motions in limine:** Counsel are directed to meet and confer to resolve any evidentiary disputes prior to filing motions in limine. Any motions in limine shall be filed by 1/24/2013, with oppositions due by 1/31/2013.

**J.      Trial Briefs**: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth Circuit authority, for all significant disputed issues of law, including foreseeable procedural and evidentiary issues, by 2/8/2013.

**K.      Proposed Findings of Fact and Conclusions of Law:** Counsel shall file joint and disputed proposed findings of facts and conclusions of law by 2/8/2013. Counsel shall also deliver a copy on a portable storage medium (such as a USB thumb drive) in WordPerfect format.

**L.      Pretrial Conferences:** The Court shall hold an initial pretrial conference on 2/7/2013 at 10:00 a.m., in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Lead counsel who will try the case must attend the pretrial conference. The purpose of the pretrial conference is for the Court to rule on any issues raised in the pretrial conference statement, motions *in limine*, and to discuss the trial of the case. The Court shall hold a final pretrial conference on 3/7/2013 at 10:00 a.m. in Courtroom B, to address any outstanding trial issues.

**M.      Trial:** The Court shall conduct a bench trial in this matter. The trial shall commence on 3/11/2013 (Trial schedule: Monday through Friday, 9:30 a.m. to 3:00 p.m.), and last 5 days.

For any documents that will be shown to a witness but not admitted into evidence, counsel shall bring the original plus three copies of the documents. The original document will be handed to the Court during testimony and the copies will be given to the witness and opposing counsel during examination.

The parties shall maintain their own exhibits during trial. Exhibits are to be pre-marked with exhibit tags attached to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit. The Court will only admit pre-marked exhibits which were listed on the earlier filed exhibit list.

Plaintiff(s) shall mark the exhibits numerically; Defendant(s) shall mark the exhibits alphabetically. Each marker shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted.

On the day of trial, counsel shall bring the original pre-marked exhibits plus two copies, one for opposing counsel and one (in binders with appropriate label dividers) for the Court. The exhibit binders are to be given to the Courtroom Deputy on the morning of the trial.

**N.      Transcripts and Recording Devices:** Counsel requesting a daily transcript shall contact Debra Campbell, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear security.

**IT IS SO ORDERED.**

Dated: December 3, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

3